# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** | * |
| v. | *     CRIM. NO. JKB-08-0086-23 |
| **CLYDE MILLNER,** | * |
| **Defendant.** | * |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

In 2009, Clyde Millner pled guilty to one count of racketeering conspiracy in connection with his role in the Tree Top Pirus ("TTP") enterprise and was sentenced to 240 months' incarceration. (Judgment, ECF No. 650.) Now pending before the Court is a "Motion for Sentence Reduction," which Millner filed *pro se* and which the Court will construe as a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A).[1] (ECF No. 1922.) In August 2021, the Court denied Millner's first Motion for Compassionate Release after determining that the sentencing factors set forth in 18 U.S.C. § 3553(a) "[did] not favor [his] release" at that time.[2] (Mem. & Order, ECF No. 1747, at 4.) In June 2022, the Court denied Millner's second request for a sentence reduction, in part because Millner's argument that "the 'Prohibiting Punishment of Acquitted Conduct Act of 2021' constitutes a material change in law warranting reconsideration

---

[1] *Pro se* parties are held to a "less stringent standard[ ]" than lawyers, and courts construe their pleadings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

[2] As explained in the Court's prior Memorandum (ECF No. 1747), under § 3582(c)(1)(A), a district court may modify a sentence imposed after conviction when "extraordinary and compelling reasons warrant such a reduction" and the court has "consider[ed] the [sentencing] factors set forth in section 3553(a) to the extent that they are applicable."

1

of his sentence" was premature, as that bill had not yet become law. (Mem. & Order, ECF No. 1863, at 6.)

In the instant Motion, Millner reiterates his argument that his sentence should be reduced because he was acquitted in state court of the alleged murder of Terrance Williams, conduct that was considered "underlying racketeering activity" when the United States Probation Office calculated Millner's base offense level of 38. (ECF No. 1922.) In support of this argument, Millner cites to both the Acquitted Conduct Act and an unspecified "ruling sent down by the Supreme Court" which allegedly "prohibits the use [in sentencing] of charges in which a defendant was found not guilty by [his or her] peers." (*Id.*) The Acquitted Conduct Act has still yet to be signed into law, *see* Prohibiting Punishment of Acquitted Conduct Act, S.601, H.R. 1621, 117th Cong. (2021), and the Court can identify no Supreme Court ruling, recent or otherwise, that prohibits the consideration of acquitted conduct in sentencing. On the contrary, the Supreme Court held in *United States v. Watts* that "a jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence." 519 U.S. 148, 157 (1997). In reviewing the record here, the Court is satisfied that the stipulation of facts underlying Millner's signed plea agreement, which indicates that "[e]ye witnesses would identify [Millner] as one of the individuals that stabbed [Terrance] Williams . . . because he wanted to leave TTP," proves the underlying conduct by a preponderance of the evidence. (Plea Agreement, ECF No. 580.) Accordingly, the Court concludes that the consideration of acquitted conduct during the sentencing phase of Millner's case is not an extraordinary and compelling reason warranting a sentence reduction.

Millner's only other argument in the instant Motion is that his sentence should be reduced to time served because "he has already completed more than the amount of time given to other

[co-]defendants who were sentence[d] without the second degree murder charge." (ECF No. 1922.) "The need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct" is a § 3553(a) factor to be considered in sentencing, and in certain circumstances a sentencing disparity may constitute an extraordinary and compelling reason warranting compassionate release. *See, e.g., United States v. Stockton*, Crim. No. ELH-99-0352, 2021 WL 1060347 (D. Md. Mar. 17, 2021); *United States v. Payton*, Crim No. PJM-06-0341, 2021 WL 927631 (D. Md. Mar. 11, 2021). However, sentencing disparities between co-conspirators are "expected and appropriate" where all members of the conspiracy were not "similarly situated." *United States v. Smith*, 836 F. App'x 149, 153 (4th Cir. 2020). In view of that principle, the Court finds that Millner's relatively long sentence, as compared to those of his co-defendants who did not stipulate to facts tending to prove their involvement in a murder, is appropriate and does not constitute an extraordinary and compelling reason warranting compassionate release.

For the reasons stated above, it is hereby ORDERED that Millner's Motion for Sentence Reduction (ECF No. 1922) is DENIED.

DATED this ___9___ day of March, 2023.

BY THE COURT:

_____
James K. Bredar
Chief Judge