**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| | * |
| | * |
| **UNITED STATES OF AMERICA,** | * |
| **v.** | *     **Crim. No. JKB-08-0086** |
| | * |
| **CLYDE MILLNER,** | * |
| **Defendant.** | * |
| | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

Before the Court is Clyde Millner's Motion to Reduce Sentence (ECF No. 1945). Mr. Millner brings his Motion under 18 U.S.C. 3582(c)(1)(A), the compassionate release provision. He also makes arguments under Amendment 821, which the Court will consider under 18 U.S.C. § 3582(c)(2), because Mr. Millner is pro se. For the reasons below, his Motion will be denied. [1]

### I.     CRIMINAL HISTORY POINTS

If a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" then the Court "may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. 3582(c)(2). The applicable policy statement is § 1B1.10 of the Sentencing Guidelines. Pursuant to § 1B1.10(b)(2), "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term

---

[1] The Court has previously recounted Mr. Millner's charges, conviction, and prior motions and so will not reiterate them here. (ECF Nos. 1925, 1863.)

that is less than the minimum of the amended guideline range determined" under the relevant Amendment.[2] This policy statement is binding on district courts. *United States v. Williams*, 808 F.3d 253, 262 (4th Cir. 2015).

On November 1, 2023, Amendment 821 to the U.S. Sentencing Guidelines went into effect, lowering the Guidelines range for some defendants. The Amendment was given retroactive effect. As is relevant here, Part A of Amendment 821 limits the criminal history impact of "status points." Specifically, under Part A, a defendant's status points are decreased by one if he has seven or more criminal history points, and his status points are eliminated if he has six or fewer criminal history points. Mr. Millner's criminal history calculation included status points, which he contends should be removed pursuant to Amendment 821. (ECF No. 1945 at 1–2.) He further argues that "his criminal history points include at least 7 or more unjustified points" because they stem from offenses committed while Mr. Millner was a juvenile. (*Id.*)

First, no reduction is warranted under Amendment 821. Mr. Millner's pre-sentence report assigned him 16 total criminal history points, placing him in category VI. While Mr. Millner is only entitled to have one status point removed because he has more than seven criminal history points, even if the Court were to subtract two, it would leave him with 14 total criminal history points. This would still place him in category VI. His total offense level, as reflected in his pre-sentence report, and which Mr. Millner does not dispute, was 35. (*Id.* at 1.) Accepting Mr. Millner's arguments regarding status points as true, the applicable guidelines range would be 292 to 365 months. U.S. Sent'g Comm'n, Guidelines Manual, Ch.5 Pt. A (Nov. 2023). Mr. Millner's current 240-month sentence is significantly below that range. Accordingly, the Court cannot grant Mr. Millner any relief pursuant to Amendment 821 because the Court is prohibited from lowering

---

[2] This prohibition is subject to an exception not relevant here. USSG § 1B1.10(b)(2)(B).

his sentence below the applicable guidelines range, under § 1B1.10(b)(2) of the Sentencing Guidelines, as described above.

Mr. Millner makes additional arguments regarding criminal history points assigned for conduct while he was a juvenile. His arguments are not cognizable under 18 U.S.C. § 3852(c)(2) because they do not relate to an amendment to the applicable guidelines. The Court will consider them under the compassionate release framework.

Lastly, as discussed below, even if the Court did conclude that Mr. Millner were eligible for relief under § 3582(c)(2), the § 3553(a) factors counsel against release. Accordingly, Mr. Millner's Amendment 821 motion will be denied.

## II.    COMPASSIONATE RELEASE

Motions for compassionate release are governed by 18 U.S.C. § 3582(c)(1)(A).  Under this provision, a district court may modify a sentence imposed after conviction when "extraordinary and compelling reasons warrant such a reduction" and the court has "consider[ed] the [sentencing] factors set forth in section 3553(a) to the extent that they are applicable."   18 U.S.C. § 3582(c)(1)(A).  A petitioner may move for compassionate release only after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."   *Id.*[3]   As the Court has previously explained, the Court will "consider *any* extraordinary and compelling reason for release that a defendant might raise."  *See United States v. Smith*, Crim. No. JKB-12-479, 2024 WL 733221, at *1 (D. Md. Feb. 21, 2024) (quoting *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020)).

---

[3] Mr. Millner's submissions show he has exhausted his administrative remedies.  (ECF No. 1945-1.)

In addition to his Guidelines argument, Mr. Millner provides four potentially extraordinary and compelling circumstances justifying release: rehabilitation, age at time of arrest, medical conditions, and unusually long sentence. (ECF No. 1945 at 1.) These circumstances, alone or taken together, are insufficiently extraordinary and compelling to justify compassionate release for Mr. Millner.

First, Mr. Millner argues that at least seven of his criminal history points are "unjustified" because they stem from juvenile conduct. Assuming that a Guidelines argument is cognizable under § 3582(c)(1)(A), and assuming that Mr. Millner's arguments regarding Amendment 821 *and* juvenile conduct are correct, he would be left with seven criminal history points. Because his total offense level was 35, this would make the relevant Guidelines range 235 to 293 months. Mr. Millner's 240-month sentence is within, and indeed at the bottom of, that range. In any case, based on a review of Mr. Millner's presentence report, which states that the offense began in 2005, all of the juvenile sentences (the earliest of which began in 2000) extended into the "five-year period preceding the commencement of the instant offense" and were therefore properly counted. *See* USSG § 4A1.1, comment. (n.2, n.3). Accordingly, Mr. Millner's Guidelines arguments here do not present an extraordinary and compelling justification for a sentence modification.

Second, citing to the First Step Act, Millner contends that because he was a youth at the time of his offense (1) he is entitled to the protections of *Miller v. Alabama*, 567 U.S. 460 (2012) and (2) he should have received a shorter sentence because, at 20, his "impulse control and thinking skills were nowhere near fully developed." (ECF No. 1945 at 2–3.) However, his argument that Section 608 of the First Step Act places him in the "youth" category is not correct. Section 608 is not about sentencing but rather is about participation in certain pilot programs. First Step Act of 2018, Pub. L. No. 115-391 § 608 (2018).

Nor does *Miller v. Alabama* apply to Mr. Millner's circumstances. In *Miller*, the Supreme Court held that a sentence of "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" 567 U.S. at 465. Mr. Millner did not face a life sentence, let alone a mandatory one, and his actual 240-month sentence is considerably short of life. While *Miller* does counsel courts to take an offender's youth into account during sentencing, as Mr. Millner argues should happen, he offers no indication that his youth was *not* considered when he received a sentence significantly below the applicable guidelines.

Third, Mr. Millner has, at least by his account, made significant strides while incarcerated, which he argues are grounds for compassionate release. He has obtained his GED, taken numerous courses, and even written a book. (ECF No. 1945 at 4.) Mr. Millner's rehabilitative efforts are laudable, and the Court commends him. However, these efforts are not sufficient grounds for compassionate release given the full circumstances. *See United States v. Davis*, No. 21-6960, 2022 WL 127900, at *1 (4th Cir. Jan. 13, 2022) ("[W]hile the district court correctly noted that rehabilitation alone cannot serve as a basis for compassionate release, we have held that successful rehabilitation efforts can be considered as one among other factors.") (quotation and citation omitted).

Fourth, Mr. Millner argues that he has certain medical conditions making him more susceptible to severe consequences from COVID-19. (ECF No. 1945 at 4.) However, Mr. Millner does not make any allegations that he is at increased risk of contracting COVID-19 in his current place of incarceration, that he is unable to be fully vaccinated, or that his institution is failing to mitigate the risk of COVID-19 or severe illness resulting therefrom. Without more, in Mr. Millner's particular circumstances, the Court concludes that his purported increased vulnerability

to COVID-19 is not, at this time, sufficiently extraordinary or compelling to justify release or sentence reduction.

Lastly, while Mr. Millner indicates that he feels he received an unusually long sentence, he makes no substantive argument on this point. As the Court noted above, even taking his arguments regarding criminal history points as true, Mr. Millner's sentence is at the low end of his suggested guidelines range. Further, he has not presented the Court with any information showing that he received a sentence disproportionate in comparison to his co-defendants. Indeed, his presentence report shows that he received a significantly shorter sentence than at least two of his co-defendants.

Because no extraordinary and compelling circumstances exist here, the Court need not consider the § 3553(a) factors. However, were extraordinary and compelling circumstances present, the § 3553(a) factors would not counsel in favor of a reduced sentence. The § 3553(a) factors require the Court to impose "a sentence sufficient, but not greater than necessary," after considering (1) the nature and circumstances of the offense and the history and characteristics of the defendant, (2) the need for the sentence imposed to, *inter alia*, reflect the seriousness of the offense, provide deterrence, and protect the public, (3) the kinds of sentences available, (4) applicable Sentencing Guidelines, (5) any pertinent policy statement issued by the Sentencing Commission, (6) the need to avoid unwarranted sentencing disparities, and (7) the need to provide restitution to any victims. Mr. Millner admitted, as part of his plea, to being a member of a violent gang, contributing to the illegal drug trade, and directly participating in a murder. (ECF No. 580 at 8–14.) While the Court is mindful of Mr. Millner's difficult upbringing and youth at the time of his crimes, the Court still concludes that a sentence of 240 months is sufficient but not greater than necessary to satisfy § 3553(a). Accordingly, Mr. Millner's motion for compassionate release will be denied.

6

## III.    CONCLUSION

Accordingly, it is ORDERED that Mr. Millner's Motion (ECF No. 1945) is DENIED.

DATED this __17__ day of April, 2024.

BY THE COURT:

James K. Bredar
Chief Judge